IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DOROTHY ROBINSON, : No. 4:07cr389
    Petitioner : No. 4:12cv1011
:
v. : (Judge Munley)
:
UNITED STATES OF AMERICA, :
    Respondent :

## MEMORANDUM

Before the court is Dorothy Robinson's (hereafter "Robinson's") motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. (Doc. 1386). Having been briefed, the matter is ripe for consideration.

**Background**

On September 27, 2007, a grand jury in the United States District Court for the Middle District of Pennsylvania returned a 26-count indictment against a number of defendants related to a conspiracy to distribute cocaine and cocaine base within 1,000 feet of protected zones, including public housing and playgrounds. (Doc. 1). Robinson was named as a defendant in the conspiracy charge and specifically charged in count 21, possession with the intent to distribute and distribution within 1,000 feet of public housing. (Id.)

On October 2, 2007, Robinson entered a plea of "not guilty." (Doc. 34). Three superceding indictments were filed, each asserting the same charges against Robinson. (Docs. 101, 154, 435). Robinson entered a plea of "not guilty" to the third superceding indictment. (Doc. 497).

On September 1, 2009, a non-jury trial commenced against Robinson before the Honorable Thomas I. Vanaskie. Robinson was represented by Attorney Joseph O'Brien. On the third day of trial, Robinson withdrew her

plea of not guilty and pled guilty to count 21 of the third superceding indictment. (Doc. 940). She entered into a binding plea agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C), which imposed a term of incarceration of 216 months. (Doc. 1392, Ex. 1, Plea Agreem. ¶ 11). The plea agreement contained the following appeal waiver:

> The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the conviction and sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal any conviction and sentence, including a sentence imposed within the statutory maximum, on any and all grounds set forth in Title 18, United States Code, Section 3742 or any other grounds, constitutional or non-constitutional, including the manner in which that sentence was determined in light of United States v. Booker, 125 S.Ct. 738 (2005). The defendant also waives the defendant's right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The defendant further acknowledges that this appeal waiver is binding only upon the defendant, and that the United States retains its right to appeal in this case.

(Id. ¶ 24).

The court conducted a change of plea colloquy, Robinson was administered an oath and the court explained that she was required to truthfully answer each question. (Doc. 948, Change of Plea Tr. at 3). Robinson stated that she understood the instructions. (Id.) In reviewing her plea agreement, the court noted the appeal waiver:

> THE COURT: Now, during the course of this proceeding you've expressed dissatisfaction with the representation you've received from Mr. O'Brien. But as we proceed with this plea, do

you understand that you may be giving up any right to challenge the effectiveness of counsel?
THE DEFENDANT: No, I didn't understand that.
THE COURT: All right. Well, I better explain that then. As I understand the plea agreement, correct me if I'm wrong, counsel, the plea agreement includes a waiver of the right to appeal or the right to file a Section 2255 motion.
THE DEFENDANT: I didn't read that in there.
THE COURT: All right.
THE DEFENDANT: Is that in there?
THE COURT: You better review that, yeah.
THE DEFENDANT: He was rushing me so I didn't read it.
THE COURT: It's paragraph 24 on page 13. Here, I'll hand it down to you. I have a copy here. That might be the copy. I had a copy. I do. There's the signed copy.

(Id. at 5-6). There was a pause and then the court continued:

THE COURT: I want to make it clear when I said you're waiving your right to raise a 2255 challenge, you're essentially agreeing that this will be a final disposition of this matter and would not be otherwise subject to attack for its validity. If you have a complaint with respect to professional representation, you certainly are not precluded from pursuing that, but you are precluded from challenging the validity of your guilty plea and the sentence. Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: Now, it's my obligation to inform you that these appeals of waivers and -- or these waivers of appeal rights and waivers of collateral challenge, Section 2255 motions, are generally enforced by the courts of appeals. Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: All right. Now, there may be circumstances

3

where a court of appeals would relieve you from the waiver, but I can't say that they would. So I want you to understand that as a general rule then I will have the final say in this matter. And I know this is an 11(c)(1)(C) plea deal, and we'll get into that in a minute, but basically if I accept the plea agreement you understand that will be the final disposition of this matter?
THE DEFENDANT: Yes, sir.

(Id. at 6-7).

The Assistant United States Attorney summarized the key terms of the plea agreement. (Id. at 8-14). He reiterated the paragraph on the appeal waiver, explaining that Robinson knowingly waived the right to appeal any conviction and sentence, specifically any collateral proceeding, including motions under Section 2255. (Id. at 12-13). Robinson agreed that the Assistant United States Attorney accurately summarized the key terms of her plea agreement. (Id. at 16). The government also provided a summary of the evidence against Robinson for count 21, which she agreed was accurate. (Id. at 18-20). The court asked Robinson if it was her decision to enter a plea of guilty to count 21, to which she responded, "Yes, sir." (Id. at 20).

There was also a "Statement of Defendant," a document in which Robinson acknowledged the rights that she was giving up by pleading guilty. (Doc. 941, "Statement of Def."). The statement included the following provision: "No promise, threats or any other inducements of any kind have been made to me in regard to my plea of guilty, apart from the plea agreement. I am entering into this plea voluntarily with full knowledge of what rights I am giving up." (Id. ¶ 7). The statement was shown to Robinson during the plea colloquy, she explained that she understood the

4

contents of the document and acknowledged her signature at the bottom. (Doc. 948, Change of Plea Tr. at 21). The court again asked her, "Now, what is your plea then to count 21 of the third superceding indictment?" and Robinson responded "[g]uilty." (Id.)

On September 4, 2009, the day after the change of plea colloquy, Robinson sent a handwritten letter to the court that was construed as a *pro se* motion to withdraw her guilty plea. (Doc. 947). In a type-written letter dated September 6, 2009, Robinson explained that she was "very distraught" about her decision to plead guilty and that her decision was a result of coercion from her attorney and husband. (Doc. 949). She explained that she "definitely would have not waived [her] rights to file a motion 2255 for ineffectiveness of counsel knowing that [she] had problems with [her] attorney all during . . . trial." (Id.)

On June 2, 2010, after holding an oral argument on the motion, the court issued a memorandum and order denying the motion to withdraw the guilty plea. (Doc. 1155). Robinson was sentenced pursuant to the terms of her plea agreement, a term of incarceration of 216 months followed by six years supervised release. (Doc. 1208). She appealed the judgment and the Third Circuit Court of Appeals affirmed. (Doc. 1348). The Third Circuit found that Robinson did not carry her substantial burden of demonstrating a "fair and just reason" for withdrawing her plea, and thus, the District Court did not abuse its discretion in denying her motion. (Doc. 1349-1).

On August 10, 2011, Robinson filed a motion to vacate her sentence. (Doc. 1359). The court directed her to complete and file a notice of election. (Doc. 1360). The court explained that she could either "(1) have

5

the motion ruled upon as filed, but lose her ability to file a second or successive petitions absent certification by the court or appeals or (2) withdraw the motion and file one all-inclusive § 2255 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996." (Id.) (citation omitted).  On October 18, 2011, the court received Robinson's notice of election opting to withdraw her motion and file one all-inclusive Section 2255 petition. (Doc. 1365). On that same date, the court received Robinson's "amended documents," entitled "motion to file . . . one all-inclusive § 2255 petition." (Doc. 1366). It appeared to be the all-inclusive petition itself and therefore we treated it as such. (See Doc. 1388). Robinson's motion was re-docketed on May 30, 2012. (Doc. 1386). We ordered the government to respond to the Robinson's motion. (Doc. 1388).

The government submitted its brief in opposition to the motion on June 19, 2012. (Doc. 1392). It asserts that Robinson's instant Section 2255 motion is barred by the appeal waiver contained in Robinson's plea agreement. Robinson did not address the appeal waiver in her motion. Robinson did not file a reply brief and the deadline for such a filing has lapsed. Thus, the motion is ripe for disposition.

**Legal Standard**

Under 28 U.S.C. § 2255 ("Section 2255") a defendant may move the court to vacate, set aside or correct the sentence if it is unconstitutional or a violation of federal law.  Specifically, Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or

6

> is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

A defendant's potential claims that her "sentence was imposed in violation of the Constitution" are limited, however, if she pleaded guilty. Id. "By entering a guilty plea, a defendant waives constitutional rights that inhere in a criminal trial, including the right to trial by jury, the protection against self-incrimination, and the right to confront one's accusers." Florida v. Nixon, 543 U.S. 175, 187 (2004) (citing Boykin v. Alabama, 395 U.S. 238, 243 (1969)). The Third Circuit Court of Appeals has held that "waivers of appeals are generally permissible if entered into knowingly and voluntarily, unless they work a miscarriage of justice." United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001). The Third Circuit has enumerated three elements for the district court to consider when the goverment invokes an appellate waiver: (1) whether the waiver of appeal was knowing and voluntary; (2) whether one of the specific exceptions in the plea agreement prevents the enforcement of the waiver; or (3) whether enforcing the waiver would work a miscarriage of justice. United States v. Goodson, 544 F.3d 529, 536 (3d Cir. 2008) (quoting United States v. Jackson, 523 F.3d 234, 243-44 (3d Cir. 2008)). The defendant has the burden of demonstrating that the appellate waiver was not knowingly or voluntarily entered. United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008) (citing Khattak, 273 F.3d at 563). "[A] court has an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice, based on the record evidence before it." Id. at 237-38 (citing Khattak, 273 F.3d at

7

563).

**Discussion**

In the instant case, we find that all of the requirements of a valid appeal waiver are present and we will therefore decline to review the merits of Robinson's motion. We will briefly review the record and address each of the necessary elements of a valid appeal wavier, in turn.

Under the first prong, based upon the language in the plea agreement and the plea colloquy, we find that Robinson knowingly and voluntarily entered into the appeal waiver. The court conducted a thorough plea colloquy, pointed to specific provisions of the plea agreement and explained the portions concerning the waiver. While initially claiming that she did not know that Section 2255 motions were barred by the appeal waiver, the Court directed Robinson's attention to that paragraph and had her reread it. In response to the court's questions, Robinson indicated that she understood the provision. She continued in affirming the plea agreement and her desire to plead guilty. Robinson did not interrupt or disagree with the Assistant United States Attorney when he addressed the waiver for the second time during the colloquy. (Doc. 948, Change of Plea Tr. at 12, 16). Based upon the record, we find that Robinson knowingly accepted the appeal waiver.

We also find that she voluntarily accepted the waiver. Robinson signed the end of the agreement, following the statement, "I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it." (Doc. 1392, Ex. 1, Plea Agreem. ¶ 32). The court also inquired as to whether she freely accepted the waiver:

> THE COURT: Now, I know the circumstances under which the plea is given, but is it your voluntary decision to enter this plea?
> THE DEFENDANT: Yes, sir.
> THE COURT: I know you're reluctant about it, but you understand then that if I accept your plea this will be the disposition, 18 years in prison?
> THE DEFENDANT: Yes, sir.

(Doc. 948, Change of Plea Tr. at 20). Furthermore, she was under oath during the plea colloquy. We find that her declarations under oath, in the response to specific questions regarding her understanding of the agreement, hold great weigh in considering whether she voluntarily assented to the appeal waiver. See Zilich v. Reid, 36 F.3d 317, 320 (3d Cir. 1994) (quoting Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("'[T]he representations of the defendant . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations made in open court carry a strong presumption of verity.'" )).

Under the second element, Robinson's motion does not fall within any exception provided by her plea agreement. The only exception to the appeal waiver is if the government chooses to appeal. (Doc. 1392, Ex. 1, Plea Agreem. ¶ 24). It did not, therefore, no exceptions warrant invalidating the waiver.

Finally, the enforcement of the waiver would not work a miscarriage of justice. Robinson did not address her appellate waiver in her instant motion, therefore, she does not raise any argument as to how the provision may result in a miscarriage of justice. Robinson does, however, raise two arguments in support of her Section 2255 motion: her counsel was ineffective and there is a wrongful disparity between her sentence and her

9

co-defendants' sentences.[1]  We will address these arguments as possible grounds for a miscarriage of justice.

The Supreme Court has stated that "unusual circumstances" will result in miscarriage of justice and will be a basis for setting aside a valid appeal waiver.  Khattak, 273 F.3d at 562.  The court found that such circumstances include a sentence in excess of the maximum penalty provided by law or based on a constitutionally impermissible factor such as race.  Id. at 562 (citing United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000)).  The Third Circuit has "not articulated a precise definition of the phrase 'miscarriage of justice,'" but instead has "set forth several factors to

---

[1] In her motion, Robinson also asserts the following:

> Plaintiff['s] sentence was determined by her base offense level of 43.  See U.S. v. Booker.  The U.S. Supreme Court held that any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict and must be admit[t]ed by the defendant or proved by a jury beyond a reasonable doubt.  In plaintiff's case [the] base offense level was increase[d] by the testimonies of the witnesses.  Defendant pled guilty to count 21 of the 3rd superceding indictment on [the] 2nd day of plaintiff's trial.  No evidence was presented to validate the extreme of plaintiff's sentence.

(Doc. 1366, Section 2255 Motion at 5).  We find this argument inapplicable to Robinson's case.  First, Robinson's sentence of 216 months, 18 years, did not exceed the maximum authorized sentence, 60 years imprisonment.  (Doc. 1392, Ex. 1, Plea Agreem. ¶ 4).  Second, Robinson pled guilty, entered into a plea agreement and was sentenced to 216 months, the term of imprisonment agreed upon in the plea agreement.  (Id. ¶ 11).  Therefore, her base level was not necessarily relevant to her ultimate sentence which was derived from the plea agreement.

consider when determining whether to enforce an otherwise proper appellate waiver." Jackson, 523 F.3d at 242-43. "These factors include 'the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.'" Jackson, 523 F.3d at 243 (citing Khattak, 273 F.3d at 563).

A meritorious ineffectiveness of counsel claim may be a basis for finding a miscarriage of justice. See United States v. Shedrick, 493 F.3d 292, 298 (3d Cir. 2007). The Third Circuit has stated that "it is possible for there to be a miscarriage of justice when 'plea proceedings were tainted by ineffective assistance of counsel[.]'" United States v. Akbar, 181 F. App'x 283, 286 (3d Cir. 2006) (quoting United States v. Teeter, 257 F.3d 14, 25 n.9 (1st Cir. 2001)). However, a waiver is not unenforceable simply because defendant claims ineffectiveness assistance, but only if the criminal proceeding record reveals that the claim has merit. Id. at 286-87 (citing United States v. Monzon, 359 F.3d 110, 118-19 (2d Cir. 2004)).

A claim of ineffective assistance of counsel based on a guilty plea is analyzed under the two-part test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). Hill v. Lockhart, 474 U.S. 52, 58 (1985). The defendant must show that counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687. In the context of a guilty plea, a defendant may only claim that counsel was ineffective if it rendered the plea involuntary or unintelligent. Hill, 474 U.S. at 56.

In the instant case, Robinson argues that Attorney O'Brien was

11

ineffective, claiming that he caused her case to be postponed several times, he "clashed" with Robinson during the entire trial, he coerced her to plead guilty and did not explain the plea agreement. Robinson also adds that had Attorney O'Brien explained the plea agreement, then she would have proceeded to trial and it was possible that a not guilty verdict would have resulted. Robinson does not specifically argue that Attorney O'Brien was ineffective in negotiating the plea agreement or the appeal waiver.

The government contends that the colloquy was more than adequate to ensure that Robinson understood the plea agreement. It also argues that she cannot demonstrate that counsel's performance was deficient or prejudicial under the Strickland standard.

Based upon the record, we find that Robinson does not assert a meritorious ineffectiveness of counsel claim. Robinson was in her third day of trial when she decided to plead guilty. The court assured her that she did not have to plead guilty and that she could proceed with the trial. (Doc. 948, Change of Plea Tr. at 7). Robinson stated that she understood. (Id.) In the "Statement of Defendant," Robinson stated that she discussed the matters with her attorney and that she was satisfied with his representation of her in the proceedings. (Doc. 941, Statement of Def. ¶ 6). In Robinson's motion, there are no allegations as to how Attorney O'Brien was deficient, what advice he provided Robinson that was ineffective or how Robinson was prejudiced. Most significantly, Robinson does not explain how her attorney's advise led to her alleged involuntary or unintelligent plea. All Robinson offers is broad conclusory statement that she was coerced into pleading guilty. See United States v. Minerd, Crim. No. 99–215, Civil Action No. 06–212, 2012 WL 1069946, at *3 (W.D. Pa.

March 29, 2012) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("a claim of ineffective assistance must identify the specific error(s) counsel has made. Conclusory allegations are not sufficient to support a petition/motion under Section 2255.")).

We are also unpersuaded by Robinson's argument that Attorney O'Brien did not explain the plea agreement to her and, thus, the waiver would result in a miscarriage of justice. At the change of plea colloquy and while under oath, Robinson stated that Attorney O'Brien reviewed the plea agreement with her. The court asked the defendant, "Did you review the plea agreement with Mr. O'Brien before signing it?" to which Robinson answered, "Yes." (Doc. 948, Change of Plea Tr. at 27). The court then asked "Are you satisfied that you understand the terms and conditions of the plea agreement?" and Robinson responded, "Yes, sir." (Id.) As stated above, in the "Statement of Defendant" Robinson also provided that she discussed the matters with her attorney and was satisfied with his representation. (Doc. 941, Statement of Def. ¶ 6). Furthermore, we find that the court's colloquy was more than sufficient to advise Robinson of the terms of the plea agreement and the specific provisions concerning the rights she was giving up. The court and the Assistant United States Attorney reviewed the plea agreement and she agreed that the terms were accurately summarized.

We also find Robinson's argument concerning the disparity between her sentence and the other defendants' sentences does not support a finding of a miscarriage of justice. See United States v. Hart, 273 F.3d 363, 379 (3d Cir. 2001) (quoting United States v. Smith, 839 F.2d 175, 179 (3d Cir. 1988) ("'[A] criminal defendant has no constitutional right to be

given a sentence equal in duration to that of his or her co-defendants[.]'").

Finally, Robinson does not assert any of the factors, nor do we find any of them in the record, which are considered when determining whether the waiver would result in a miscarriage of justice. Based upon the record, we find that Robinson's case does not present an "unusual circumstances" resulting in a miscarriage of justice. We conclude that all of the elements of a valid appeal waiver are present, and we will enforce the waiver.

**Conclusion**

For the reasons stated above, the court will deny Robinson's motion to vacate her sentence. The court also concludes that a hearing on this matter is unnecessary.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOROTHY ROBINSON,<br>Petitioner | : | No. 4:07cr389<br>No. 4:12cv1011 |
| v. | : | (Judge Munley) |
| UNITED STATES OF AMERICA,<br>Respondent | : | |

## ORDER

**AND NOW**, to wit, this 25th of July 2012, upon consideration of Petitioner Dorothy Robinson's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence (Doc. 1386), it is hereby **ORDERED** that the motion is **DENIED**. Based upon the reasoning in our accompanying memorandum, we decline to issue a certificate of appealability. See 28 U.S.C. § 2253(c) and 3d Cir. LAR. 22. The Clerk of Court is directed to close case No. 4:12cv1011.

**BY THE COURT:**

**s/ James M. Munley**

**JUDGE JAMES M. MUNLEY**
**United States District Court**

15